NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

FRANK ED AHUMADA, *Appellant.*

No. 1 CA-CR 19-0440
FILED 5-14-2020

Appeal from the Superior Court in Maricopa County
No. CR2018-152941-001
The Honorable Jennifer C. Ryan-Touhill, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael O'Toole
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jeffrey L. Force
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge David B. Gass delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Maria Elena Cruz joined.

**G A S S**, Judge:

¶1        Frank Ed Ahumada filed this appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Ahumada's counsel searched the record and identified no arguable, non-frivolous question of law. Counsel, therefore, asks this court to review the record for fundamental error. Ahumada was given an opportunity to file a supplemental brief *in propria persona*. He has not done so. Finding no error in the record, this court affirms Ahumada's convictions and sentences.

### FACTUAL AND PROCEDURAL HISTORY

¶2        This court views the facts in the light most favorable to sustaining the jury verdict and resolves all reasonable inferences against Ahumada. *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

¶3        In October 2018, Ahumada lived in a trailer with his then-girlfriend. The trailer was parked near an apartment complex. On October 20, 2018, E.R. rode his bike by Ahumada's trailer while he was on his way to visit a friend who lived in the apartment complex. Believing E.R. intended to rob his trailer, Ahumada, while holding a sawed-off shotgun, confronted E.R. After a short argument, Ahumada shot E.R. in the leg. E.R. ran for help, using his bicycle for support until he collapsed in front of the apartment complex. Ahumada hid the shotgun in the trailer and fled on his motorcycle.

¶4        Police arrested Ahumada on October 29, 2018. The State charged Ahumada with the following offenses: aggravated assault, a class 3 dangerous felony (count 1); misconduct involving weapons, prohibited possessor, a class 4 felony (count 2); and misconduct involving weapons, prohibited weapon, a class 4 felony (count 3). The State also alleged four prior non-dangerous felony convictions and two aggravating circumstances.

¶5        In March 2019, the superior court granted Ahumada's request to sever count 2 for trial purposes. Following a nine-day trial in May 2019,

a jury found Ahumada guilty on counts 1 and 3. The jury also found the State proved both aggravating circumstances. In June 2019, Ahumada and the State reached an agreement on count 2. In exchange for his guilty plea on count 2, the State would dismiss the alleged prior convictions—on count 2 only—and his sentence on count 2 would run concurrent with the sentences on counts 1 and 3.

¶6 The superior court set a trial on the alleged prior felonies for July 2019. The State, however, was not prepared to present evidence on the scheduled date. The superior court denied the State's motion to continue and proceeded to sentence Ahumada as a non-repetitive offender. The superior court sentenced Ahumada to concurrent prison terms of 7.5 years on count 1 and 2.5 years on counts 2 and 3, and gave Ahumada credit for 258 days of pre-sentence incarceration.

## ANALYSIS

¶7 This court has read and considered counsel's brief and fully reviewed the record for reversible error, finding none. *See Leon*, 104 Ariz. at 300; *State v. Flores*, 227 Ariz. 509, 512, ¶ 12 (App. 2011).

¶8 All the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. The record shows Ahumada was present for, and represented by counsel at, all critical stages of the proceedings. *See State v. Bohn*, 116 Ariz. 500, 503 (1977); *State v. Conner*, 163 Ariz. 97, 104 (1990). The jury was properly comprised of twelve jurors and two alternates. *See* A.R.S. § 21-102.A. The record shows no evidence of jury misconduct. The superior court properly instructed the jury on the elements of the charged offenses, the State's burden of proof, and Ahumada's presumed innocence. Additionally, Ahumada was given an opportunity to speak at sentencing, and the sentence imposed was within the statutory guidelines. *See* Ariz. R. Crim. P. 26.9, 26.10(b)(1); A.R.S. §§ 13-702.D, 13-704.A.

## CONCLUSION

¶9 Ahumada's convictions and sentences are affirmed.

¶10 Defense counsel's obligations pertaining to Ahumada's representation in this appeal have ended. Defense counsel need do no more than inform Ahumada of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to our supreme court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).

**¶11** Ahumada has thirty days from the date of this decision to proceed, if he wishes, with an *in propia persona* petition for review. *See* Ariz. R. Crim. P. 31.21. This court, on its own motion, also grants Ahumada thirty days from the date of this decision to file an *in propia persona* motion for reconsideration. *See* Ariz. R. Crim. P. 31.20.



AMY M. WOOD • Clerk of the Court
FILED:    AA

4